IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

CALVIN DAVIS, SR.,

            Petitioner,

VS.

DAVID FRAZIER, Warden,

            Respondent.

NO. 1:07-CV-203 (WLS)

PROCEEDING UNDER 28 U.S.C. §2254
BEFORE THE U.S. MAGISTRATE JUDGE

_____

**RECOMMENDATION TO DENY HABEAS CORPUS PETITION**

The petitioner filed this § 2254 action challenging his convictions and sentences. Petitioner was indicted by the Dougherty County grand jury on July 30, 2003, for seven counts of rape, six counts of false imprisonment, five counts of kidnaping, two counts of aggravated assault with intent to rape, two counts of burglary, seven counts of aggravated sodomy, criminal attempt to kidnap, and giving a false name to officers. (Resp. Ex. 5, Habeas Transcript, Exhibit pp. 108-114) (hereinafter "HT"). At a jury trial in November 2003, Petitioner was found guilty of one count of kidnaping, one count of burglary, one count of aggravated sodomy, one count of rape, one count of false imprisonment, and giving a false name to officers. (HT 244-252). Petitioner was sentenced to the following concurrent sentences: 20 years for kidnaping, 20 years for burglary, life imprisonment for aggravated sodomy, and life imprisonment for rape, with false imprisonment merging for sentencing purposes, and giving a false name being credited for time served. (HT 250).

Petitioner filed a direct appeal in which he enumerated the following errors: (a) the trial court erred in submitting this case to the jury where the evidence presented at trial was not sufficient to authorize a conviction; and (b) the trial court erred by erroneously charging the jury

with information regarding the definition of consent, not in response to the question propounded by the jury. (HT 312). The state appellate court found these claims lacked merit and affirmed Petitioner's conviction and sentence. *Davis v. State*, 278 Ga. App. 628, 629 S.E.2d 537 (2006).

Petitioner filed a petition for a writ of habeas corpus in the Superior Court of Hancock County on September 6, 2006. (Resp. Ex. 1). Petitioner raised one ground: he received ineffective assistance of appellate counsel in that appellate counsel raised an issue on direct appeal that was different from the error raised at trial and therefore failed to preserve that issue for appellate review. An evidentiary hearing was held on November 8, 2006, at which appellate counsel testified and documentary evidence was presented. (Resp. Ex. 5). In an order filed on June 21, 2007, the state habeas corpus court denied relief. (Resp. Ex. 2). Petitioner filed an application for a certificate of probable cause to appeal. (Resp. Ex. 3). The Georgia Supreme Court denied that application. (Resp. Ex. 4).

Petitioner filed this petition pro se, raising two grounds for relief. Ground 1 raises sufficiency of the evidence and trial court error when the trial court erroneously charged the jury with information regarding the definition of consent, not in response to a question propounded by the jury[1]. Ground 2 raises ineffective assistance of appellate counsel when counsel raised on direct appeal an issue that was different from an error raised at trial and therefore the issue was

---

[1]Although Respondent points out that these claims were not determined on their merits by the state habeas court, these issues were determined on their merits on direct appeal, and will be addressed herein accordingly. *See Cone v. Bell,* 556 U.S. ----, 129 S.Ct. 1769, 1780-82, 173 L.Ed.2d 701 (2009) (citation omitted); *accord LeCroy v. Sec'y, Fla. Dep't of Corr.,* 421 F.3d 1237, 1260 (11th Cir.2005) (discussing claim held procedurally barred on state collateral review because "it either was or could have been raised on direct appeal," and stating that if claim "was raised on direct appeal in state court, it was necessarily ruled upon and might very well be foreclosed from state collateral attack, but it would be available in the federal case as an exhausted claim" (quotation marks and brackets omitted)).

not preserved for appellate review.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996, signed into law on April 24, 1996, amended 28 U.S.C. § 2254(d) to provide:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Supreme Court addressed Section 2254(d) in *Williams v. Taylor*, 529 U.S. 362, 404, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). The Court explained:

> Section 2254(d)(1) defines two categories of cases in which a state prisoner may obtain federal habeas relief with respect to a claim adjudicated on the merits in state court. Under the statute, a federal court may grant a writ of habeas corpus if the relevant state-court decision was either (1) *"contrary to* ⋯ clearly established Federal law, as determined by the Supreme Court of the United States," or (2) *"involved an unreasonable application of* ⋯ clearly established Federal law, as determined by the Supreme Court of the United States."

*Id.* at 404-05 (emphasis added).

This requirement does not mean that the state court must expressly cite the governing Supreme Court standards, just that "neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002).

The Eleventh Circuit has explained the difference between the "contrary to" and "unreasonable application" clauses in § 2254(d)(1) as follows:

> A state court decision is "contrary to" clearly established federal law if either (1) the state court applied a rule that contradicts the governing law set forth by Supreme Court case law, or (2) when faced with materially indistinguishable facts, the state court arrived at a result different from that reached in a Supreme Court case.

3

> A state court conducts an "unreasonable application" of clearly established federal law if it identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case. An unreasonable application may also occur if a state court unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context. Notably, an "unreasonable application" is an "objectively unreasonable" application.

*Putman v. Head*, 268 F.3d 1223, 1241 (11th Cir.2001) (internal citations omitted).

Section 2254(e)(1) sets a highly deferential standard of review for state court factual determinations. "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." *Fugate v. Head*, 261 F.3d 1206, 1215 (11th Cir.2001) (citations omitted); *see also Crawford v. Head*, 311 F.3d 1288, 1317 (11th Cir. 2002) (affirming state court factual determination "because there is support for it in the record and [the petitioner] has not rebutted the finding by clear and convincing evidence"). Moreover, "some evidence suggesting the possibility" that a petitioner's version of the pertinent facts is correct is not sufficient to carry the burden of showing that a state court made an unreasonable determination of fact as contemplated by Section 2254(d)(2). *Bottoson v. Moore*, 234 F.3d 526, 540 (11th Cir.2000). Similarly, a federal court may not simply substitute its judgment for that of the state court. *Woodford v. Visciotti*, 537 U.S. 19, 24-25 (2002). See also *Bell v. Cone*, 535 U.S. 685, 696-697 (2002).

*Ground 1(a)*

Petitioner challenges the sufficiency of the evidence supporting the verdict, contending there is no evidence that the victim did not consent to having sex with him.

The Georgia Court of Appeals on Petitioner's direct appeal found the following facts:

Viewed in the light most favorable to the verdict, evidence shows that on the night of July 10, 2002, Davis told the victim that he worked for the railroad and that he had a trailer beside the

railroad tracks where they could go to smoke crack cocaine. The victim went with Davis in order to smoke, but when they got to the tracks, they did not go into a trailer. Instead, Davis grabbed the victim by the arm, took her pocketbook, told her not to scream or he would kill her, and forced her into an empty boxcar. Inside the boxcar, Davis ordered the victim to take off her clothes and lie down. Davis then forcibly inserted his penis into the victim's mouth and vagina. According to the victim's repeated testimony, the sexual acts were done against her will and without her consent.

After the assault, Davis refused to let the victim leave the boxcar and demanded that she again have oral sex with him. When Davis turned his back on the victim, she jumped out of the boxcar and ran to a nearby train engine. The victim, who was still nude, crying and covered in blood, jumped into the engine and told the engineer that she had just been raped. The engineer called the police, who arrived a short time later. A subsequent medical examination revealed that the victim had scratches on her arms and breasts, abrasions and bruises on her legs, and a large bruise on her back. Davis' semen was also found in the victim's vagina.

*Davis v. State*, 278 Ga. App. 628, 629 (2006).

The Georgia Court of Appeals further found that the victim unequivocally testified that Petitioner forced her into the boxcar, threatened to kill her, and had both vaginal and oral sex with her against her will and without her consent. The Court also found that circumstantial evidence consistent with the victim's lack of consent included her fleeing the boxcar while still naked, her outcry that she had been raped, and her bodily injuries. The Court found that there was sufficient evidence from which the jury could conclude that Petitioner was guilty beyond a reasonable doubt. *Davis*, 278 Ga. App. at 629-630.

In *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781 (1979), the Supreme Court held that a court in addressing such a claim as insufficiency of the evidence on habeas review should determine whether any rational trier of fact would have found proof of guilt beyond a reasonable doubt. 443 U.S. at 319, 99 S.Ct. at 2789. Faced with a record of historical facts that supports conflicting inferences, the court must presume that the jury resolved such conflicts in favor of the prosecution, deferring to the jury's judgment as to the weight and credibility of the evidence. See *Jackson*, supra, 443 U.S. at 326, 99 S.Ct. at 2792; *Machin v. Wainwright*, 758 F.2d 1431,

1435 (11th Cir.1985); *Cobb v. Wainwright*, 666 F.2d 966, 971 (5th Cir.), cert. denied, 457 U.S. 1107, 102 S.Ct. 2906, 73 L.Ed.2d 1315 (1982). The simple fact that the evidence gives some support to the defendant's theory of innocence does not warrant the grant of habeas relief. *Wilcox v. Ford*, 813 F.2d 1140, 1143 (11th Cir. 1987), cert. denied, 484 U.S. 925, 108 S.Ct. 287 (1987).

As pointed out by the appellate court, the evidence supports the conviction. Petitioner has not met his burden to show that the state courts' findings were either contrary to, or an unreasonable application of, clearly established Supreme Court precedent. 28 U.S.C. §§ 2254(d)(1) & 2254(e)(1); *Williams v. Taylor*, 529 U.S. 362, 387-388 (2000).

*Ground 1(b)*

Petitioner contends that the trial court committed error in recharging the jury regarding the issue of consent. The Georgia Court of Appeals initially found that this issue was different than what was raised in the trial court, and declined to review the issue. *Davis*, 278 Ga. App. at 630-631.

> During deliberations, the jury sent a note to the judge with this question: What is the legal definition of consent in relation to persons under the influence of alcohol or drugs or mentally ill?" In response, the judge read to the jury the same charge that he had previously given on the definition of rape, including instructions that lack of consent on the part of the alleged victim is an essential element of the crime that the state must prove beyond a reasonable doubt, and that consent induced by force, fear or intimidation does not amount to consent in law.
> The judge then gave another charge that he had not previously given, instructing the jury that "[i]f you find that the alleged victim was not mentally capable of exercising judgment or expressing intelligent consent or objection to the act of intercourse, then you would be authorized to find the defendant guilty of rape."
> Davis' attorney did not object to the portion of the recharge which simply repeated the previous charge defining rape and discussing the element of lack of consent, stating to the judge that the charge as originally given is appropriate. Davis' attorney did, however, take exception with the additional charge on the grounds that it was an improper comment on the evidence and that it had not been properly requested by the state.

6

The Court of Appeals of Georgia then went on to discuss the issue of the jury charge on the merits, noting that the portion of the recharge to which Petitioner objects, concerning the victim's mental capability to exercise judgment or express intelligent consent or objection to the act of intercourse, is a correct statement of the law in Georgia. "Where a jury, which has been fully and properly charged, requests a recharge on a specific question, it is within the discretion of the trial court whether to recharge entirely or to recharge only on the specific question. It is not error to recharge only on the specific question so long as the recharge taken alone does not leave an erroneous impression in the minds of the jury." The appellate court concluded that Petitioner had failed to show that the trial court's correct statement of the law left an erroneous impression in the minds of the jurors, and found no reversible error.

Petitioner has failed to demonstrate that the state courts' findings were either contrary to, or an unreasonable application of, clearly established Supreme Court precedent. 28 U.S.C. §§ 2254(d)(1) & 2254(e)(1); *Williams v. Taylor*, 529 U.S. 362, 387-388 (2000).

*Ground 2*

Petitioner argues that he received ineffective assistance of appellate counsel, in that counsel raised an issue on direct appeal that was different from the error raised at trial, therefore failing to preserve the issue for appellate review. Specifically, Petitioner alleges that trial counsel's objection that the trial court's recharge to the jury on the issue of consent was an improper comment on the evidence was different than appellate counsel's enumeration of error that the recharge was not responsive to the jury's question. Petitioner concludes that this constitutes ineffective assistance of appellate counsel.

The state habeas court made findings of fact regarding the issue of ineffective assistance of appellate counsel after conducting a hearing at which appellate counsel testified. The state

habeas court found the following relevant facts:

> Petitioner was represented in appeal by Mark T. Phillips, a practicing criminal defense attorney in Albany, Georgia. Mr. Phillips was appointed to represent the Petitioner. By the time he represented Petitioner, Mr. Phillips had handled approximately 25 to 40 felony appeals.
> In deciding what issues to raise on appeal, Mr. Phillips met with Petitioner, and reviewed the trial transcript. Mr. Phillips read through the trial transcript several times and wrote down what he perceived to be errors in the trial. He found that some of the errors would not help Petitioner because they related to charges that Petitioner was acquitted on. After a thorough review, Mr. Phillips found there to be two errors. The first error was insufficient evidence and the second was that the charge the Court gave in response to the jury's question was non-responsive to the jury's question.
> Mr. Phillips recalled Petitioner wanting to raise an ineffective assistance of trial counsel claim, however, Mr. Phillips did not agree that trial counsel was ineffective because counsel got not guilty verdicts on more counts than Petitioner was convicted of and also managed to exclude some 15 or 20 counts from the jury even hearing about them, Mr. Phillips felt as though he raised the most meritorious and viable issues on appeal. In regards to the recharge error that was raised on appeal, Mr. Phillips believed that the Court of Appeals was wrong and that trial counsel did preserve what he enumerated as error on appeal because trial counsel "was exactly stating in her objection that the trial court's language - the trial court's language was non-responsive to what - what the jury actually got in its charge."

(Doc. 9 Exhibit 2, p. 3-4)(internal citations omitted).

Citing *Strickland v. Washington*, 466 U.S. 668 (1984), the state habeas corpus court found that Petitioner had failed to meet his burden to show deficient performance and actual prejudice as to the allegation of ineffective assistance of appellate counsel. Specifically, the court found that appellate counsel reviewed the trial transcripts, conferred with Petitioner, considered Petitioner's input, researched the various errors, and raised the most meritorious and viable issues he found and believed would succeed. (Resp. Ex. 2, p. 5). The court found that Petitioner failed to show that counsel acted unreasonably and failed to establish prejudice. Id.

The state habeas court applied the correct standard for evaluation of ineffective assistance of counsel claims. In *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80

8

L.Ed.2d 674 (1984), the United States Supreme Court created a two-part test for determining whether a defendant received ineffective assistance of counsel. First, a defendant must demonstrate that his attorney's performance was deficient, which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* Second, a defendant must demonstrate that the deficient performance prejudiced the defense to such a degree that the results of the trial cannot be trusted. *Id.*

Under the first prong, the reasonableness of an attorney's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances. *Strickland,* 466 U.S. at 690. The petitioner must carry a heavy burden, as "reviewing courts must indulge a strong presumption that counsel's conduct falls within the wide range of professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (citation omitted). Under the prejudice prong, a petitioner must establish that there is a reasonable probability that the results would have been different but for counsel's deficient performance. *Kimmelman v. Morrison,* 477 U.S. 365, 375, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986); *Strickland,* 466 U.S. at 696. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

The state habeas court also correctly quoted other Supreme Court case law. The Supreme Court has expressly held that no "decision of this Court suggests that the indigent defendant has a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points." *Jones v. Barnes,* 463 U.S. 745, 751, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). "Experienced advocates since time beyond memory have emphasized the importance of

9

winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Id.*

Petitioner appears to argue that appellate counsel's failure to raise on appeal the exact same argument regarding the re-charge to the jury made by trial counsel, and the resulting failure of the appellate court to determine the issue on its merits, is enough by itself to warrant habeas corpus relief. The undersigned notes, as quoted above, the appellate court did in fact discuss the issue regarding the re-charge to the jury on its merits. Moreover, assuming without deciding that Petitioner has shown the first prong of the *Strickland* test, he has failed to show any resulting prejudice. Petitioner has failed to show that but for the failure of appellate counsel to raise the exact issue regarding the re-charge, the appellate court would have reversed his conviction.

The undersigned finds that Petitioner has not met his burden; Petitioner has failed to demonstrate that the state courts' findings were either contrary to, or an unreasonable application of, clearly established Supreme Court precedent. 28 U.S.C. §§ 2254(d)(1) & 2254(e)(1); *Williams v. Taylor*, 529 U.S. 362, 387-388 (2000).

**Conclusion**

Petitioner has not met his burden in showing he is entitled to habeas corpus relief. Therefore, it is the RECOMMENDATION of the undersigned that the petition be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy.

SO RECOMMENDED, this 10th day of November, 2010.

S// Thomas Q. Langstaff
THOMAS Q. LANGSTAFF
msd                              UNITED STATES MAGISTRATE JUDGE