IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| CALVIN DAVIS, SR. | : | |
| Petitioner, | : | |
| v. | : | 1:07-cv-203 (WLS) |
| DAVID FRAZIER, Warden, | : | |
| Respondent. | : | |

**ORDER**

Pending before the Court is a Report and Recommendation from United States Magistrate Judge Thomas Q. Langstaff, filed November 11, 2010 (Doc. 20). It is recommended that Petitioner's habeas corpus petition, filed under 28 U.S.C. § 2254 (*see* Doc. 2), be denied. (Doc. 20). The Report and Recommendation provided the Parties with fourteen days[1] from the date of its service to file written objections to the recommendations therein. (*Id.* at 10). The period for filing objections expired on Monday, November 29, 2010.[2] (*See* Docket).

Although Petitioner filed a Motion for Extension of Time to File Objections to Judge Langstaff's Recommendation (Doc. 21) within the filing period on November 23, 2010, he later moved, without explanation, to withdraw said Motion on December 9, 2010. (Doc. 23). In light of Petitioner's desire to withdraw the latter motion (Doc. 23), the Court **DENIES** Petitioner's Motion for Extension of Time (Doc. 21), **GRANTS** Petitioner's Motion to Withdraw (Doc. 23),

---

[1] The Parties were given an additional three days because service was made by mail. *See* Fed. R. Civ. P. 6(d) (adding three days to specified period within which a party may act if service is made under Rule 5(b)(2)(C) by mailing process to a party's last known address).

[2] Pursuant to Fed. R. Civ. P. 6(a)(2), because the actual deadline for filing objections—Sunday, November 28, 2010—fell on a weekend, the deadline was extended to Monday, November 29, 2010. *See* Fed. R. Civ. P. 6(a)(1)(C).

1

and considers Petitioner's Objection (Doc. 22) to Judge Langstaff's Recommendation, filed on December 3, 2010, untimely.

Even if the Court grants Petitioner's Motion for Extension of Time, or if Petitioner had timely filed the Objection, the Court finds that the grounds Petitioner raises in his Objection (Doc. 21) fail to rebut the legally sound recommendations of Judge Langstaff. Ground 1 of Petitioner's Objection repeats the challenges Petitioner raised in his habeas corpus petition, and which Judge Langstaff considered and rejected. He first argues that the trial court erroneously (a) submitted the case to the jury without sufficient evidence of conviction and (b) re-charged the jury on the definition of consent, "not in response to the question propounded by the jury." (Doc. 22 at 2-3). However, as noted by Judge Langstaff, "Petitioner has failed to demonstrate that the state courts' findings were either contrary to, or an unreasonable application of, clearly established Supreme Court precedent." (*See* Doc. 20 at 6, 7, 9, 10 (citations omitted)).

Petitioner states a blanket objection to Judge Lansgtaff's conclusions that Petitioner failed to meet his burden under § 2254(d)(1) as to Grounds 1(a) and 1(b), but he does not sufficiently explain why. (*See* Doc. 22 at 2-3). He essentially summarily states that the Georgia state courts' legal and factual determinations were opposite of the true occurrences underlying the case and that they consequently violated Georgia law. (*See, e.g.*, *id.* at 2, 3 (arguing that all evidence "show[s] that the alleged victim voluntarily and willingly consented to having sex with Petitioner" and that the jury charge left "erroneous impression in the jurors' mind")). Yet, as explained by Judge Langstaff, the Georgia Court of Appeals' findings of fact unequivocally establish that the trial court committed no error in submitting the case to the jury, or in recharging the jury with the definition of consent, given the overwhelming direct and circumstantial evidence of the victim's lack of consent to engage in sex with Petitioner. (*See*

2

Doc. 20 at 4-5). These are findings which this Court must not disturb, particularly since Petitioner has not met his difficult burden to move this Court to find otherwise. *See* 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.").

As to Ground 2, Petitioner's Objection argues that the ineffective assistance of his appellate counsel—based on his counsel's direct appeal of an issue that was different from an error raised at trial—precluded the appellate court's review of the issue of the jury re-charge and thus, resulted in Petitioner's unjustified conviction. (*See* Doc. 22 ("Had appellate counsel raised the exact same issue regarding the recharge, the appellate court would have reversed Petitioner's instant conviction.")). This is incorrect for several reasons. First, the appellate court did, in fact, review this issue on its merits, though it initially declined to do so because of the difference between the issues raised at trial and on appeal. *See* Davis v. State, 278 Ga. App. 628, 630-31 (2006). Second, this argument does not pass muster under § 2254(d) to demonstrate deficiency or actual prejudice under Strickland v. Washington, 446 U.S. 668 (1984), because the record does not establish that appellate counsel was deficient, nor does it establish a reasonable probability that the appellate court would have reached a different outcome had Petitioner's appellate counsel raised the same issue on appeal. In accordance with his "professional evaluation," a defendant's appointed counsel has discretion to decide which issues to argue on appeal; accordingly, Petitioner's appellate counsel was not required to raise every "'colorable claim' suggested by [Petitioner]" in his habeas petition or in his Objection. *See* Jones v. Barnes, 463 U.S. 745, 751 (1983).

3

For the foregoing reasons, the objections set forth in Plaintiff's Objection (Doc. 22) are **OVERRULED**, and United States Magistrate Judge Langstaff's November 11, 2010 Report and Recommendation (Doc. 20) is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein, together with the reasons stated and conclusions reached herein. Accordingly, Petitioner's habeas corpus petition (Doc. 2) is **DENIED**.

**SO ORDERED**, this __20th__ day of December 2010.

        /s/ W. Louis Sands_
        **HONORABLE W. LOUIS SANDS,**
        **UNITED STATES DISTRICT COURT**

.